IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-93-BO

LYNN ARRINGTON, as Administratrix )
of the Estate of Luther Burton, Jr., )
                                      )
                  Plaintiff, )
                                      )           **O R D E R**
v. )
                                      )
TRENTON KYLE HENSLEY and TOWN )
OF SMITHFIELD, )
                                      )
                Defendants. )

This cause comes before the Court on defendant Town of Smithfield's (Smithfield) motion to dismiss and plaintiff's motion for leave to file an amended complaint. The appropriate responses and replies have been filed and the motions are ripe for ruling. For the reasons discussed below, plaintiff's motion is granted and Smithfield's motion is denied.

## BACKGROUND

Plaintiff alleges the following in support of her claims. Plaintiff is the administratrix of the Estate of Luther Burton, Jr. At the time relevant to the allegations, Mr. Burton was employed as a security guard at a private club and bar in Smithfield. Hensley was a patron of the bar and was highly intoxicated during the early morning hours of February 2, 2013. Mr. Burton approached Hensley in an attempt to request that Hensley leave the premises and, without provocation, Hensley punched Mr. Burton in the head near his right eye.

Mr. Burton was knocked unconscious and fell to the pavement. Johnston County Emergency Services were notified and police officers were dispatched to the scene. Upon their

arrival, Mr. Burton remained motionless on the pavement. The officers did not examine plaintiff or provide any medical assistance. Emergency medical personnel arrived at 2:19 a.m. whereupon they also found Mr. Burton lying motionless on the pavement. The emergency medical personnel examined Mr. Burton and found him to be unresponsive, not breathing, with no pulse, and in cardiac arrest. Mr. Burton was resuscitated but went into cardiac arrest again. Mr. Burton was ultimately transported to WakeMed Hospital in Raleigh, North Carolina where he remained until his death on February 5, 2013.

Plaintiff filed an action on behalf of Mr. Burton's estate in Johnston County Superior Court alleging claims of assault and battery against Hensely, negligence under North Carolina law by the police officers, and 42 U.S.C. § 1983 claims for the officers' deprivation of constitutional rights and Smithfield's failure to train its police officers. Smithfield removed the action to this Court on the basis of its federal question jurisdiction. 28 U.S.C. §§ 1331; 1441.

Smithfield seeks dismissal of plaintiff's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff opposes dismissal and has also filed a motion for leave to file an amended complaint under Rule 15 of the Federal Rules of Civil Procedure. Smithfield contends that plaintiff's proposed amendment is futile.

## DISCUSSION

The Court considers first plaintiff's motion to amend her complaint. Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend his pleadings as a matter of right under certain circumstances or with the opposing party's consent or leave of court. Fed. R. Civ. P. 15(a)(1)-(2). Further, Rule 15 directs that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber*

2

*v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). A court should only deny leave to amend a pleading when the amendment would be prejudicial to the opposing party, where there has been bad faith on the part of the moving party, or when the amendment would be futile. *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citation omitted).

Smithfield contends that plaintiff's proposed amended complaint is futile. Futility is determined on same basis as Rule 12(b)(6) motion, which requires that a complaint allege enough facts to state a claim for relief that is facially plausible. *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996); *see also Perkins v. United States*, 848 F. Supp. 1236, 1241 (S.D.W. Va. 1994) ("If the proposed amendment cannot withstand a motion to dismiss, the court may deny it."). Facial plausibility means that the facts pled "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged"; mere recitals of the elements of a cause of action supported by conclusory statements do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "When a proposed amendment is frivolous or advances a claim or defense that is legally insufficient on its face, the motion to amend should be denied." *Joyner v. Abbott Laboratories*, 674 F. Supp. 185, 190 (E.D.N.C. 1987).

The Court has considered the amended complaint in light of the applicable standard and finds that allowing the amendment would not be futile. Plaintiff seeks to amend her complaint to withdraw her demand for punitive damages and to add factual allegations related to the actions of the Smithfield police officers. The Court has considered the arguments set forth both in Smithfield's motion to dismiss and its opposition to plaintiff's motion to amend as they relate to plaintiff's proposed amended complaint.

Plaintiff's first claim against Smithfield is one for negligence, which Smithfield contends is barred by the public duty doctrine. The public duty doctrine provides "that a municipality and

3

its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals." *Braswell v. Braswell*, 330 N.C. 363, 370 (1991). The North Carolina courts

> have not wavered from the general principle that when a police officer, acting to protect the general public, indirectly causes harm to an individual, the municipality that employs him or her is protected from liability. This principle is grounded in the notion that an officer's duty to protect the public requires the officer to make discretionary decisions on a regular basis, whether it be responding to an alleged threat by an abusive spouse or clearing the scene of a car accident.

*Scott v. City of Charlotte*, 203 N.C. App. 460, 467 (N.C. App. 2010). However, the public duty doctrine has never been invoked to shield police officers or their employers from liability where it is the affirmative actions of the police officers themselves which cause harm. *Id.*

In her amended complaint, plaintiff seeks to add allegations that a member of the public who was trained as a medic by the United States Armed Forces was on the scene and offered to provide assistance to Mr. Burton. The medic was allowed by the police officers to briefly examine Mr. Burton and requested permission to perform cardiopulmonary resuscitation (CPR); the medic was not permitted by the officers to perform CPR and was told to move away from the body. Plaintiff further alleges that the police officers' denial of CPR at this stage was critical and that CPR could or would have saved Mr. Burton's life.

The Court finds that plaintiff's allegations are sufficient to state a claim that the police officers' affirmative actions caused Mr. Burton's harm. Plaintiff has alleged that when they arrived at the scene the officers discovered Mr. Burton unconscious and lying on the pavement. Plaintiff further alleges that Smithfield police officers are trained to address medical emergencies but that the officers did not assess Mr. Burton or seek any further information regarding his condition. When the officers were informed by a medic that Mr. Burton was in need of CPR they denied the medic access to Mr. Burton and prevented what could have been critical care

4

from being provided. As recognized by the North Carolina court of appeals in *Scott*, where police officers need not "weigh the facts and circumstances before them in order to ascertain whether [a plaintiff] need[s] medical assistance," the officers are not necessarily presented with a discretionary decision such that imposing a duty on them to act would "be unreasonable and against the purpose of the public duty doctrine." *Id.* at 469. Thus, the Court holds that at this stage of the proceeding the public duty doctrine does not operate to bar plaintiff's negligence claim.

Plaintiff's proposed amended complaint further states plausible § 1983 claims. "The Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Soc. Services*, 489 U.S. 189, 196 (1989). An exception arises, however, when the state itself creates the danger. *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995).

While the Court recognizes that "[l]iability does not arise when the state stands by and does nothing in the face of danger," *Stevenson ex rel. Stevenson v. Martin County Bd. of Educ.*, 3 Fed. App'x 25, 31 (4th Cir. 2001)(unpublished), as discussed above, plaintiff's amended complaint alleges "more than a mere passive failure to act." *Robinson v. Lioi*, 536 Fed. App'x 340, 344 (4th Cir. 2013)(unpublished). Indeed, plaintiff has alleged that the officers took actions which increased the risk facing Mr. Burton when they failed to utilize their training to assess an obvious medical need and prevented CPR from being administered. *See Penilla v. City of Huntington Park*, 115 F.3d 707, 710 (9th Cir. 1997). Thus, the Court again finds that at this stage of the proceedings plaintiff has alleged a constitutional violation sufficient to nudge her claim across the line from conceivable to plausible and that dismissal is inappropriate. *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Because it has found that plaintiff has adequately alleged a constitutional violation, the Court further declines to dismiss plaintiff's claim that Smithfield failed to adequately train its officers. *See Young v. City of Mt. Ranier*, 238 F.3d 567, 579 (4th Cir. 2001) (discussing relationship between claim for failure to train against municipality and underlying constitutional violation).

Because the Court has allowed plaintiff's amended complaint, Smithfield's motion to dismiss the original complaint is denied as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, plaintiff's motion for leave to file an amended complaint [DE 13] is GRANTED. Plaintiff is DIRECTED to file a signed copy of the amended complaint within five (5) days of the date of entry of this order. Smithfield's motion to dismiss [DE 8] is DENIED AS MOOT.

SO ORDERED, this 16 day of August, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE