IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-93-BO

| | |
|---|---|
| LYNN ARRINGTON, as Administratrix of the Estate of Luther Burton, Jr., ) ) ) Plaintiff, ) ) v. ) ) TRENTON KYLE HENSLEY and TOWN ) OF SMITHFIELD, ) ) Defendants. ) | **O R D E R** |

This cause comes before the Court on defendant Town of Smithfield's (Smithfield) motions for summary judgment and to strike. The appropriate responses and replies having been filed, or the time for doing so having expired, the motions are ripe for ruling. A hearing was held on the matters before the undersigned on February 1, 2017, at Raleigh, North Carolina. For the reasons discussed below, Smithfield's motion to strike is denied and its motion for summary judgment is granted in part.

## BACKGROUND

Plaintiff is the administratrix of the Estate of Luther Burton, Jr. At the time relevant to the allegations in the amended complaint, Mr. Burton was employed as a security guard at a private club and bar in Smithfield called the Hookah House. Defendant Hensley was a patron of the bar and was highly intoxicated during the early morning hours of February 2, 2013. Mr. Burton approached Hensley in an attempt to request that Hensley leave the premises and, without provocation, Hensley punched Mr. Burton in the head near his right eye.

Mr. Burton was knocked unconscious and fell to the pavement. Johnston County Emergency Services were notified and three police officers were the first to respond to the scene. Emergency medical personnel arrived shortly thereafter. The emergency medical personnel examined Mr. Burton and found him to be unresponsive and without a pulse. Mr. Burton was allegedly resuscitated but went into cardiac arrest again. Mr. Burton was ultimately transported to WakeMed Hospital in Raleigh, North Carolina where he remained until his death on February 5, 2013.

Plaintiff filed this action on behalf of Mr. Burton's estate in Johnston County Superior Court alleging claims of assault and battery against Hensley, negligence under North Carolina law by the police officers, and 42 U.S.C. § 1983 claims for the officers' deprivation of constitutional rights and Smithfield's failure to train its police officers. Smithfield removed the action to this Court on the basis of its federal question jurisdiction. 28 U.S.C. §§ 1331; 1441.

By order entered August 17, 2015, the Court allowed plaintiff to file an amended complaint and denied Smithfield's motion to dismiss. [DE 20]. Clerk's default was entered against defendant Hensley on August 18, 2015. [DE 21].

## DISCUSSION

At the outset, the Court addresses Smithfield's motion to strike. As stated at the hearing, the Court reopened the period of discovery in order to accept the filing of the affidavits of Dylan Morris, Matt Lanier, and Nathan Pearson by plaintiff. *See U.S. ex rel. Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (substantial discretion afforded to district court in managing discovery). Smithfield's motion to strike is therefore denied and the Court will consider the above-mentioned affidavits in deciding the motion for summary judgment.

A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment; "there must be evidence on which the [fact finder] could reasonably find for the [nonmoving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

The contested facts in this case center around what happened or did not happen between the time of the arrival of the police officers and the arrival of EMS. Plaintiff submits, and the video evidence supports, that this period of time lasted for approximately seven minutes. Plaintiff has proffered evidence that a trained Marine Corps medic, Dylan Morris, was present at the scene during the relevant period, identified himself and his training to the police officers, was attempting to assist Mr. Burton with medical attention, was told by the police officers that he should "get away" from Mr. Burton, and was prevented by the police from rendering aid. [DE 41-1], Morris Aff. ¶¶ 6-9.

3

Smithfield has proffered the affidavit of a different Marine medic, Zack Upton, who states that he was present at the scene during the relevant period, that he provided first aid and CPR to Mr. Burton, that the police officers did not prevent him from rendering assistance, and rather that the police officers kept the crowd under control so that Upton could provide aid. [DE 32-1], Upton Aff. ¶¶ 9 – 14. Each of the police officers present and an EMS technician who was first to arrive have also provided affidavits which support that a third-party was permitted to administer first aid of some sort to Burton prior to EMS's arrival. *See* [DE 32-2-4], Wilson Aff., Gray Aff., Jones Aff. It is undisputed that none of the police officers themselves rendered aid prior to the arrival of EMS. *Id.*

Plaintiff's first claim against Smithfield is one for negligence. The elements of a claim for negligence under North Carolina law are duty, breach, proximate cause, and damages. *See, e.g., Estate of Mullis by Dixon v. Monroe Oil Co., Inc.* 349 N.C. 196, 201 (1998). While the arguments of the parties in their briefs and the factual evidence presented to the Court focus on whether the police officers at the scene owed a duty to Mr. Burton to either act themselves to render medical care or to not prevent a third-party from providing medical care prior to the arrival of EMS, what is absent from the record before the Court is any evidence of proximate cause. As counsel for Smithfield agreed at the hearing, and counsel for plaintiff did not contest, there are no medical records or opinions in this case which would suggest that had someone, either the police officers or a third-party, rendered assistance during the relevant period prior to the arrival of EMS, Mr. Burton would have survived. Indeed, though they conflict as to how events unfolded that morning, the affidavits in the record submitted by plaintiff and Smithfield all support that Mr. Burton was seriously injured and was unresponsive, having difficulty breathing, and without a pulse for a period of time of time prior to EMS's arrival. *See* [DE 41-

4

1], Morris Aff. ¶ 6 (Burton "breathing lightly with some difficulty"); [DE 32-1], Upton Aff. ¶ 9 ("Burton's breath was short"); [DE 32-5], Parker Aff. ¶ 9 (Burton "had no pulse when we reached him").

Accordingly, irrespective of whether the Smithfield police officers did in fact prevent a third-party from providing Burton aid or would be protected by the public duty doctrine,[1] plaintiff has failed to proffer any evidence which would tend to establish an element of his negligence claim, and summary judgment in favor of Smithfield is therefore appropriate.

Plaintiff's amended complaint further alleges a claim under 42 U.S.C. § 1983 for violation of Burton's due process rights under the Fourteenth Amendment. As the Court previously noted, "the Due Process Clauses generally confer no affirmative right to governmental aid, even where such aid may be necessary to secure life, liberty, or property interests of which the government itself may not deprive the individual." *DeShaney v. Winnebago County Dept. of Soc. Services*, 489 U.S. 189, 196 (1989). An exception arises, however, when the state itself creates the danger. *Pinder v. Johnson*, 54 F.3d 1169, 1177 (4th Cir. 1995) (en banc). "[T]o establish § 1983 liability based on a state-created danger theory, a plaintiff must show that the state actor created or increased the risk of private danger, and did so directly through affirmative acts, not merely through inaction or omission." *Doe v. Rosa*, 795 F.3d 429, 439 (4th Cir. 2015).

In light of plaintiff's inability to proceed on her state law negligence claim, the Court cannot find that sufficient evidence exists in the record which, even when viewed in the light most favorable to plaintiff, would allow her to proceed on her § 1983 due process claim. *See*

---

[1] *See Braswell v. Braswell*, 330 N.C. 363, 370 (1991) ("The general common law rule, known as the public duty doctrine, is that a municipality and its agents act for the benefit of the public, and therefore, there is no liability for the failure to furnish police protection to specific individuals.").

5

*Patten v. Nichols*, 274 F.3d 829, 843 (4th Cir. 2001) ("liability under the due process clause cannot be imposed for mere negligence . . . ."); *Soto v. Flores*, 103 F.3d 1056, 1064 (1st Cir. 1997) ("Not every negligent, or even willfully reckless, state action that renders a person more vulnerable to danger 'takes on the added character of a violation of the federal Constitution.'") (alterations and citation omitted); *Gazette v. City of Pontiac*, 41 F.3d 1061, 1065 (6th Cir. 1994) (plaintiff "may have a state law claim for gross negligence against the defendants, but these facts do not give rise to a constitutional tort under Section 1983."). While the Court recognizes the tragedy of Mr. Burton's death, plaintiff cannot in the absence of mere negligence prevail on a claim for violation of Mr. Burton's constitutional right to due process.

Finally, plaintiff concedes that there is insufficient evidence to support her claim regarding Smithfield's policies, customs, or deliberate indifference. Plaintiff requests that this claim be dismissed without prejudice. The Court grants plaintiff's request as to this claim.

## CONCLUSION

Accordingly, for the foregoing reasons, Smithfield's motion to strike [DE 46] is DENIED and its motion for summary judgment [DE 30] is GRANTED IN PART. Smithfield is entitled to summary judgment in its favor on plaintiff's negligence and § 1983 due process claims; plaintiff's § 1983 failure to train and deliberate indifference claim is dismissed without prejudice. The pending motions to seal [DE 45 & 50] are GRANTED. Plaintiff is DIRECTED to proceed to reduce this matter to judgment as against the defaulted defendant Hensley.

SO ORDERED, this 6 day of February, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

6

Case 5:15-cv-00093-BO   Document 57   Filed 02/06/17   Page 6 of 6