IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-93-BO

LYNN ARRINGTON, as Administratrix )
of the Estate of Luther Burton, Jr., )
)
Plaintiff, )
) **ORDER**
v. )
)
TRENTON KYLE HENSLEY and TOWN )
OF SMITHFIELD, )
)
Defendants. )

This cause comes before the Court on plaintiff's motion for entry of default judgment as against defendant Trenton Kyle Hensley. A hearing was held on the motion before the undersigned on November 29, 2017, at Raleigh, North Carolina. Following the hearing, plaintiff submitted an affidavit regarding defendant Hensley's military status and the matter is now properly before the Court for adjudication.

## BACKGROUND

Plaintiff is the administratrix of the Estate of Luther Burton, Jr. At the time relevant to the allegations in the amended complaint, Mr. Burton was employed as a security guard at a private club and bar in Smithfield, North Carolina called the Hookah House. During the early morning hours of February 2, 2013, defendant Trenton Hensley was a patron of the Hookah House and was highly intoxicated. Hensley had been asked to leave the Hookah House earlier that night due to his behavior, and while Hensley did leave he returned and was still highly intoxicated. Mr. Burton approached Hensley in the parking in an attempt to request that Hensley again leave the premises and, without provocation, Hensley punched Mr. Burton in the head near his right eye. Mr. Burton

was knocked unconscious and fell to the pavement. Johnston County Emergency Services were notified and three police officers were the first to respond to the scene. Emergency medical personnel arrived shortly thereafter. Mr. Burton was ultimately transported to WakeMed Hospital in Raleigh, North Carolina where doctors determined that he had suffered an un-survivable injury. After forty-eight hours of care, Mr. Burton's examination was unchanged and his medical status had declined. Mr. Burton's family withdrew life support and Mr. Burton died on February 5, 2013.

## DISCUSSION

Defendant Trenton Hensley failed to appear in this action after personal service of the complaint and summons were made on him on February 19, 2015. Clerk's default pursuant to Rule 55(a) was entered against Hensley on August 18, 2015. Fed. R. Civ. P. 55(a). Plaintiff now seeks entry of default judgment against defendant Hensley. Where, as here, a claim is not for a sum certain, a party must apply to the court rather than the clerk for entry of default judgment. Fed. R. Civ. P. 55(b)(2).

Plaintiff's motion for entry of default sufficiently established that Hensley is neither a minor nor incompetent [DE 12], and plaintiff has filed an affidavit establishing that Hensley is not in military service. [DE 68]. After the entry of default, the well-pleaded factual allegations in plaintiff's amended complaint are deemed admitted. *Ryan v. Homecomings Fin. Network*, 253 F.3d 778, 780 (4th Cir. 2001). The Court must then "determine whether the well-pleaded allegations in [plaintiff's] complaint support the relief sought in this action." *Id.*

The well-pleaded allegations in plaintiff's amended complaint support that Hensley's actions were the proximate cause of Mr. Burton's death and that Hensley is liable for the wrongful death of Luther Burton under N.C. Gen. Stat. § 28A-18-2. *See Hairston v. Alexander Tank & Equip. Co.*, 310 N.C. 227, 233 (1984) (defining proximate cause). The pleadings further

sufficiently establish that Hensley's actions were willful or wanton to support an award of punitive damages pursuant to N.C. Gen. Stat. 1D-25(b). The facts support that Hensley acted with more than gross negligence and with the conscious and intentional disregard for the safety of others, which he knew or should have known was reasonably likely to result in injury. N.C. Gen. Stat. § 1D-5.

As plaintiff has established that Hensley is liable for the wrongful death of Mr. Burton, plaintiff is entitled to recover for Mr. Burton's medical bills, funeral expenses, and for the costs of the administration of Mr. Burton's Estate. N.C. Gen. Stat. § 28A-18-2(b)(1);(3). The Court finds plaintiff's claim for liquidated damages in the amount of $106,099.69 for medical bills, funeral expenses, and administrative costs to be reasonable. Plaintiff has further established through affidavits that she is entitled to recover from Hensley for the loss of Mr. Burton's society, companionship, comfort, guidance, kindly offices, and advice. N.C. Gen. Stat. § 28A-18-2(b)(4)(c). The Court finds that an award of $1,000,000.00 in unliquidated damages is appropriate for loss of society, comfort, and companionship. Finally, the Court finds that punitive damages in the amount of three times the amount of compensatory damages is appropriate in this instance.

## CONCLUSION

The motion for entry of default judgment against defendant Hensley [DE 59] is GRANTED. Default judgment against defendant Hensley is hereby entered in the amount of $1,106,099.69 as actual damages and $3,318,299.07 as punitive damages. Post-judgment interest shall accrue pursuant to 28 U.S.C. § 1961(a). The clerk is DIRECTED to close this case.

SO ORDERED, this ___ day of December, 2017.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3